IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| CARL AND MELANIE SMITH, | MEMORANDUM DECISION AND ORDER |
|---|---|
| Plaintiffs, | |
| v. | Case No. 2:12-cv-001066-RJS |
| THE LAW OFFICES OF KIRK A. CULLIMORE, LLC, | Judge Robert J. Shelby |
| Defendant. | |

Plaintiffs Carl and Melanie Smith filed this action against Defendant The Law Offices of Kirk A. Cullimore, LLC, for allegedly violating the Fair Debt Collection Practices Act. The Smiths allege that the Cullimore Law Offices violated the FDCPA by (1) submitting a proposed Garnishee Order ex parte in the Fourth Judicial District Court, State of Utah, in violation of 15 U.S.C. 1692f; (2) failing to timely return garnished funds after the Fourth Judicial District Court vacated the ex parte Garnishment Order, in violation of 15 U.S.C. 1692f; and (3) threatening without intending to file suit against the Smiths in violation of 15 U.S.C. 1692e.

The Smiths and the Cullimore Law Offices filed cross motions for summary judgment. The Smiths seek a summary determination that the Cullimore Law Offices violated Section 1692f by failing to timely return garnished funds after the Fourth Judicial District Court vacated the judgment that allowed them to garnish the funds. The Cullimore Law Offices seeks a summary determination that (1) the money it sought to collect was not governed by the FDCPA; (2) the Cullimore Law Offices did not threaten without intending to file a suit against the Smiths;

and (3) the Cullimore Law Offices followed appropriate procedures in garnishing the money allegedly owed by the Smiths.

On April 1, 2014, the court held a hearing on these motions for summary judgment. After careful consideration and for the reasons stated below, the court GRANTS Defendant's motion for summary judgment (Dkt. 24) and DENIES Plaintiffs' motion for summary judgment (Dkt. 19). In addition, the court DISMISSES Plaintiffs' Complaint against the Defendant.

## BACKGROUND

### I.   The Fence

This dispute began when the Cedar Homeowners Association (HOA), the HOA to which Plaintiffs Carl and Melanie Smith belonged, refused to allow the Smiths to erect a fence for their disabled son. The HOA ultimately conceded, and the Smiths built the fence. But the Smiths and the HOA agreed that if they were to move, the Smiths would remove the fence.

### II.   Collection by HOA

In 2010, the HOA believed that the Smiths had moved to Washington State. Because they had not removed the fence, the HOA began to fine the Smiths.

On July 6, 2010, Mr. Smith sent an email to the HOA and its property management company, Elite Community Management, informing them that his family planned to move back to Utah, and that the fence was still required for his disabled son. He asked that Elite Management drop "the fine and interest charges, and put in writing our earlier agreement to remove the fence if we sell the house." (Dkt. 23-1.)

On July 13, 2010, the HOA informed Mr. Smith that it had sought legal counsel concerning the matter, and would not comment further. (*Id.*)

On July 16, 2010, Mr. Smith asked the HOA to "correct your records to reflect that we have paid our HOA fees through October 2010. We have not paid anything towards the fine, which we dispute." (*Id.*)

On July 19, 2010, Elite Management responded to Mr. Smith's email, and notified him that his account information had been sent to the Defendant Law Offices of Kirk A. Cullimore, LLC (the firm retained by the HOA) to collect money owed to the HOA. (*Id.*) The email further stated that "[y]our account will be accruing the monthly fine for non-compliance $450, late fees $10.00, interest 1.5% along with the normal monthly assessments and any collections fee from the attorney." (*Id.*). Elite Management attached to the email a ledger for the Smiths' account. The ledger showed that, according to the HOA, the Smiths owed the HOA fines, assessments, and late fees. (Dkt 23-2.)

### III. Actions by the Cullimore Law Offices

On July 21, 2010, the Cullimore Law Offices recorded a lien against the Smiths' home. That notice of lien states that "[t]he undersigned, on behalf of The Cedar Homeowners Association, Inc., hereby claims a continuing lien for unpaid fines, assessments and charges[.]" (Dkt. 23-3.)

On January 23, 2012, the Cullimore Law Offices prepared a Summons and Complaint against the Smiths, seeking to collect money allegedly owed to the HOA. (Dkt. 23-6.) In that Summons and Complaint, the HOA requested the court enter judgment against the Smiths "[f]or $4,045.59 in unpaid assessments, together with additional assessments and late fees in the amount of $47.00 per month accruing before the date of full and final payment." (*Id.*)

The Cullimore Law Offices assigned service of the Summons and Complaint to a process server, who delivered the documents to the Smiths' Utah address. The Smiths' received the

Summons and Complaint on January 30, 2012. But in the meantime, the Cullimore Law Offices became aware that the Smiths might reside in Washington State. The Cullimore Law Offices were unaware that the Smiths received the Summons and Complaint served on the Smiths' home in Utah. After verifying a probable address for the Smiths in Washington, the Cullimore Law Offices mailed one copy of the Summons and Complaint to Mr. Smith, and one copy to Mrs. Smith (both copies were sent to the same address in Washington). Mr. Smith received the mailed Summons and Complaint on behalf of Mrs. Smith on March 7, 2012 and received service of his copy on March 8, 2012. (Dkt. 23-7.) Thereafter, the Cullimore Law Offices filed the Summons and Complaint in the Fourth Judicial District Court. The Smiths failed to answer the Summons and Complaint.

On May 8, 2012, in reliance on the representations by the Cullimore Law Offices fixing the amount of principal, assessments, late fees, interest, and other costs, the Honorable Thomas Low awarded the HOA judgment against the Smiths in the amount of $5,246.89. (Dkt. 23-9.) On May 15, 2016, Judge Low entered a Notice of Judgment, warning the Smiths that "[f]ailure to contact Plaintiff's attorney immediately to satisfy the judgment will result in court orders being issued against you and seizure of your property, belongings and assets to satisfy said judgment." (Dkt. 23-10.)

On June 1, 2012, Judge Low entered a Writ of Garnishment for the judgment amount. (Dkt. 23-11.) On June 8, 2012, the Cullimore Law Offices served the Writ of Garnishment to Wells Fargo Bank. (Dkt. 23-12.)

**IV.  Motion to Set Aside Judgment**

On June 15, 2012, the Smiths filed a motion in the Fourth Judicial District Court to set aside the judgment. (Dkt. 23-14.) In that motion and subsequently in the Complaint in this case,

the Smiths allege that they received service of the original Summons and Complaint on January 30, 2012. The Summons and Complaint they received stated that the Cullimore Law Offices would file suit within ten days. The Smiths called the Fourth Judicial District Court in that timeframe, and found no suit filed against them. In light of this, the Smiths allege that the Cullimore Law Offices threatened to file suit against the Smiths without actually doing so. When the Cullimore Law Offices finally filed suit against the Smiths after service of the Summons and Complaint in Washington State, the Smiths assumed it was another threat, and did not answer. (Dkt. 23-14; Dkt. 2 at ¶ 10.)

On June 26, 2012, the Cullimore Law Offices prepared and filed an ex parte Garnishee Order. (Dkt. 23-13.)

Judge Low granted the Smiths' motion to set aside the default judgment on July 6, 2012 and denied the ex parte Garnishee Order. (Dkt. 20-2.) In his Order, Judge Low stated that "Plaintiff's proposed Garnishee Order does not bear a mailing certificate, so it appears to have been submitted to the court ex parte." (*Id.*)

On July 7, 2012, Wells Fargo Bank, before being informed of the court's decision denying the Garnishee Order, delivered funds to the Cullimore Law Offices. Judge Low's Order, however, did not specify how to treat the funds already delivered to the Cullimore Law Offices. The Cullimore Law Offices did not immediately return these funds to Wells Fargo or the Smiths.

On August 17, 2012, the Smiths filed a motion to compel disgorgement of the garnished funds. (Dkt. 23-17.) The Cullimore Law Offices did not oppose the motion. On August 29, 2012, Judge Low granted the unopposed motion to compel disgorgement. (Dkt. 20-1.)

The Cullimore Law Offices returned the garnished funds on September 4, 2012.

## ANALYSIS

### I. Jurisdiction under the FDCPA

The Smiths contend that the Cullimore Law Offices sought to collect fines and fees assessed by the HOA. The Smiths also contend that since the Cullimore Law Offices sought to collect fees (assessments) from the Smiths, the collection was subject to the FDCPA. In contrast, the Cullimore Law Offices argues that it sought to collect only fines from the Smiths. The Cullimore Law Offices also argues since it sought to collect only fines, the collection was not subject to the FDCPA. While the parties frame this as a summary judgment issue, the court finds that it is more properly a jurisdictional question because the Smiths' only basis for jurisdiction in this court arises under the FDCPA. (*See* Dkt. 2 at ¶2 ("Plaintiffs' claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a 'federal question' pursuant to 28 U.S.C. § 1331").) Thus, a summary determination of whether the collection is subject to the FDCPA will necessarily determine whether this court has jurisdiction over this dispute. Accordingly, the court turns first to this question.

As an initial matter, neither party disputes that if the money allegedly owed by the Smiths to the HOA were fines, then the money owed would not be debt subject to the FDCPA. But if the money allegedly owed by the Smiths to the HOA were at least in part assessments, then the money owed would be debt subject to the FDCPA. Indeed, the Tenth Circuit has held "homeowner association fees for maintenance and improvement of common areas are a service primarily for personal, family, or household use . . . [and therefore] qualifies as debt under the FDCPA." *Ladick v. Van Gemert*, 146 F.3d 1205, 1207 (10th Cir. 1998) (citing *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997)).

In this case, the record clearly indicates that the Cullimore Law Offices sought to collect both fines and assessments from the Smiths. For example, Elite Management stated in a correspondence to the Smiths that the Cullimore Law Offices would seek from the Smiths "the monthly fine for non-compliance $450, late fees $10.00, interest 1.5% along with the normal monthly assessments and any collections fee from the attorney." (Dkt. 23-1.) Also, Elite Management emailed the Smiths a ledger for their account showing that the HOA claimed amounts from the Smiths for HOA fines, assessments, and late fees. (Dkt 23-2.) In addition, the Cullimore Law Offices recorded a lien against the Smiths' home because of "unpaid fines, assessments and charges." (Dkt. 23-3.)

Importantly, the Cullimore Law Offices represented to the Fourth Judicial District Court that the collection it sought against the Smiths included some assessments. And Judge Low relied on that representation. For example, the Complaint filed against the Smiths in the Fourth Judicial District Court sought collection of money "[f]or $4,045.59 in unpaid assessments, together with additional assessments and late fees." (Dkt. 23-6.) In addition, the Complaint alleges that "[a]ssessments in the amount of $47.00 continue to accrue on a periodic basis." (*Id.*) Moreover, Judge Low entered default judgment for $5,246.89 because the Cullimore Law Offices represented that the principal, assessments, late fees, interest, and other costs totaled that amount. (Dkt. 23-9.)

The court finds that at least a portion of the amount the Cullimore Law Offices sought to collect from the Smiths were assessments subject to the FDCPA, vesting the court with jurisdiction in this matter.

## II. Legal Standard for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A material fact is one that might affect the outcome of the suit under the governing law, and a genuine issue is one for which the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (internal quotations and citations omitted). In making this determination, the court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

## III. Alleged Violations of the FDCPA

The Smiths allege that the Cullimore Law Offices violated the FDCPA by (1) submitting ex parte a proposed Garnishee Order in the Fourth Judicial District Court, in violation of 15 U.S.C. 1692f; (2) failing to timely return garnished funds after Judge Low vacated the Garnishment Order, in violation of 15 U.S.C. 1692f; and (3) threatening without intending to file suit against the Smiths in violation of 15 U.S.C. 1692e. The court addresses each of these allegations in turn.

### A. Ex Parte Garnishee Order

Judge Low observed in his ruling on the proposed Garnishee Order that "[the Cullimore Law Offices] proposed Garnishee Order does not bear a mailing certificate, so it appears to have been submitted to the court ex parte." (Dkt. 20-2.) The Smiths appear to rely on this observation to conclude that the Cullimore Law Offices somehow acted improperly in filing an ex parte proposed Garnishee Order. The Smiths also argue that this improper filing violated Section

1692f because "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

Rule 64D of the Utah Rules of Civil Procedure states that "[a] writ of garnishment is available to seize property of the defendant in the possession or under the control of a person other than a defendant." Here, in accordance with Rule 64D, the Cullimore Law Offices properly filed a Summons and Complaint in the Fourth Judicial District Court. When the Smiths failed to answer, Judge Low awarded default judgment to the HOA. Judge Low then entered a Notice of Judgment, and subsequently a Writ of Garnishment. The Cullimore Law Offices properly served the writ on Wells Fargo Bank. When the Smith discovered the judgment against them, they filed a motion to set aside the judgment. In accordance with the Writ of Garnishment, and without a decision from Judge Low on the Smiths' motion to set aside the judgment, the Cullimore Law Offices filed a proposed Garnishee Order ex parte. Judge Low denied the Garnishee Order. The court can find no rule under the Utah Rules of Civil Procedure, nor can the court find case law to suggest that the Cullimore Law Offices acted improperly.

To be clear, the Smiths are not alleging that the Cullimore Law Offices impermissibly obtained an ex parte writ by making some misrepresentation to the court. Rather, the Smiths allege that the act of filing an ex parte Garnishee Order was per se unfair and unconscionable. The Smiths maintain this position even though it is clear that this practice is common under Utah law where, as here, the court has already issued a Writ of Garnishment. Moreover, at the hearing regarding this matter, the Smiths' counsel failed to adequately explain why it was impermissible for the Cullimore Law Offices to do so.

Having found that the Cullimore Law Offices did nothing improper under Utah law, and that the Smiths failed to adequately explain why Defendant's actions were unfair and

9

unconscionable, the court concludes that no reasonable jury could return a verdict that the Defendant violated Section 1692f by submitting a proposed Garnishee Order ex parte. *See Pelt v. Utah*, 539 F.3d at 1280.

B.  **Return of Garnishment**

The Smiths next argue that the Cullimore Law Offices either knew that Judge Low denied the Garnishee Order when it received the garnished funds from Wells Fargo, or Judge Low denied the Garnishee Order shortly after the Cullimore Law Offices received the funds from Wells Fargo. Thus, the Smiths argue, the Cullimore Law Offices had the burden to immediately return the money or ask the court whether it could keep the money.

The Ninth Circuit has explained that "[i]n judging the actions of a debt collector, we invariably ask whether the information it provided was or its actions were confusing or misleading. Quite simply, we seek to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Clark v. Capital Credit & Collections Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); *see also McCollough v. Johnson, Rodenberg & Lauinger*, 610 F. Supp. 2d 1247, 1254 (9th Cir. 2009) (applying least sophisticated debtor standard to Section 1692f violations).

As stated previously, on July 7, 2012, Wells Fargo delivered the money to the Cullimore Law Offices before anyone could notify Wells Fargo that Judge Low denied the Garnishee Order. At the time, Judge Low had not made clear what to do with any money already relinquished from Wells Fargo. Nor was there an established procedure under Utah law to return the money relinquished from Wells Fargo. This situation was shortly resolved, when the Smiths filed a motion to compel disgorgement on August 17, 2012. The Cullimore Law Offices did not oppose the motion. Judge Low granted the motion on August 29, 2012. Within a few days, on September 4, 2012, the Cullimore Law Offices returned the money to the Smiths. In view of

10

these facts, the court finds that it was not unreasonable for the Cullimore Law Office to wait for a resolution by the court before returning the money.

Even if the Smiths understood that denial of the Garnishee Order somehow implied that the Cullimore Law Offices should return of the funds, the court does not find it unreasonable for the Cullimore Law Offices to wait until explicit instruction from the court before returning the funds, especially since the return of the funds was resolved in such a short time. If there were questions regarding the conduct of the Cullimore Law Offices, at most, these are questions of whether it exercised sound judgment. But this does not rise to the level of an intentional act to mislead or confuse the Smiths such that the Smiths were not able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.

Accordingly, the court finds that no reasonable juror could return a verdict that the Cullimore Law Offices violated Section 1692f by waiting for Judge Low to enter an order providing direction concerning what to do with the money, and thereafter returning the funds within about a week of that decision. *See Pelt v. Utah*, 539 F.3d at 1280.

### C. Threatening to File Suit

The Smiths appear to contend that they were served in their Utah home, and received notice of that service on January 30, 2013. The Summons and Complaint stated that the Cullimore Law Offices would file suit within ten days. The Smiths later called the Fourth Judicial District Court and learned that no lawsuit had been filed. The Smiths contend this constituted a threat without intent to file suit in violation of Section 1692e. Or at a minimum, that there is a genuine dispute of material fact whether the Cullimore Law Offices threatened without intending to file suit against the Smiths.

Under Section 1692e, "the FDCPA expressly prohibits a debt collector from threatening 'to take action that . . . is not intended to be taken.'" *Garner v. Asset Management Associates,*

*Inc.*, No. 10-CV-00965, 2011 WL 6398112, at *1 (D. Utah Dec. 20, 2011) (quoting 15 U.S.C. § 1692e). Here, the Cullimore Law Offices states, and the Smiths do not dispute, it prepared a Summons and Complaint on January 23, 2012. It assigned the Summons and Complaint to a process server. The process server delivered the Summons and Complaint to the Smiths at their address in Utah. But the Cullimore Law Offices became aware that the Smiths might reside in Washington State. After verifying a probable address for the Smiths in Washington State, the Cullimore Law Offices mailed one copy of the Summons and Complaint to Mr. Smith, and one copy to Mrs. Smith (both copies were sent to the same address) on February 23, 2012. The copies were received by the Smiths on March 7, 2012 and March 8, 2012.

The Cullimore Law Offices believed that it had only effectuated service in March 2012. And, in accordance with Rule 3(a)(2) of the Utah Rules of Civil Procedure, the Cullimore Law Offices filed the Complaint, the Summons, and proof of service within ten days after the time it thought service was effectuated. The court finds that the Cullimore Law Offices did not act improperly by ensuring service prior to filing of the Summons and Complaint in the Fourth Judicial District rather than filing the Summons and Complaint earlier, when there was some question whether the Smiths were effectively served.

Even if it were true that the Cullimore Law Offices effectuated service on January 30, 2012, courts have found that "[m]ere technical violations of state law in the filing of such suit, however, are not automatically violations of FDCPA. . . . Thus, a plaintiff can demonstrate that a violation of state law supports a claims under § 1692e(5) of the FDCPA only if the state law violation undermines the defendant debt collector's right to take the challenged action to such an extent that the filing of the suit was not legal." *Hill v. Midland Funding, LLC*, No. CCB-12-2397, 2013 WL 1645553, at *2 (D. Md. Apr. 16, 2013); *see also Garner*, 2011 WL 6398112, at

*1 (finding that failure to register as a debt collector in Utah is not a per se violation of the FDCPA, but unregistered debt collector's threat to file suit may violate Section 1692e because he cannot legally bring suit). In this case, the Smiths allegations regarding violations of Section 1692e concern miscommunication of when service was effectuated. The Cullimore Law Offices, because of prudential considerations, decided to wait until it was sure that the Smiths received proper service before filing suit—which proper service it timely pursued. This amounts to, at most, technical violations of state law. Moreover, this allegation would not and did not preclude the Cullimore Law Offices from filing suit in the Fourth Judicial District Court against the Smiths. Thus, this allegation is not a basis to sustain an action under Section 1692e.

Accordingly, the court finds that no reasonable jury could return a verdict that the confusion surrounding when the Cullimore Law Offices filed the Complaint, the Summons, and proof of service violated Section 1692e. *See Pelt v. Utah*, 539 F.3d at 1280.

## CONCLUSION

For the reasons stated, the court GRANTS Defendant's motion for summary judgment. (Dkt. 24.) The court DENIES Plaintiffs' motion for summary judgment. (Dkt. 19.) In addition, the court DISMISSES Plaintiffs' causes of action alleging that the Cullimore Law Offices violated Section 1692f and 1692e of the FDCPA, with each party bearing its own attorneys' fees and costs. The court ORDERS the Clerk of Court to close the case.

SO ORDERED this 2nd day of June, 2014.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge